## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**ANDREW WILLIAMSON and**
**YOLANDA WILLIAMSON**

      **Plaintiffs,**

**v.**                                 **Case No.:  3:15-cv-07812**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY,**

      **Defendant.**

### <u>MEMORANDUM OPINION and ORDER</u>

Pending before the Court are two related motions: Plaintiffs' Motion for Order Compelling Discovery, (ECF No. 21), and Defendant's Motion for Protective Order. (ECF No 24). The motions arise from Plaintiffs' first set of requests for the production of documents, to which Defendant has provided allegedly insufficient responses. For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiffs' Motion to Compel and **GRANTS** Defendant's request for entry of the Court's standard protective order.

### I.    <u>Relevant Facts</u>

Plaintiffs own a piece of rental property located in Huntington, West Virginia. (ECF No. 1-2 at 2). On December 8, 2006, defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), issued a fire insurance policy covering Plaintiffs' rental property. (*Id.* at 3). On October 6, 2014, while the fire insurance policy was still in effect, the rental property burned down. (*Id.*). Plaintiffs promptly notified Liberty Mutual of the

loss and made a claim for the policy proceeds. As of May 2015, when the complaint was filed in the Circuit Court of Cabell County, Liberty Mutual had not paid the policy proceeds to Plaintiffs. Plaintiffs assert four counts against Liberty Mutual, including breach of first-party insurance contract, violations of West Virginia's Unfair Trade Practices Act, bad faith, and breach of Plaintiffs' reasonable expectations. (ECF No. 1-2).

On June 17, 2015, Liberty Mutual removed the complaint to this Court. (ECF No. 1). At the same time, Liberty Mutual filed an answer to the complaint, admitting that it had not paid the insurance policy proceeds to Plaintiffs, but indicating that its actions were justified, because Plaintiffs' insurance claim was barred, excluded, or limited by the terms, conditions, limitations, and exclusions of the policy. (ECF No. 4). Thereafter, Plaintiffs served Liberty Mutual with requests for the production of documents. Liberty Mutual sought and was given an extension of time to serve responses to the requests. The responses were timely served pursuant to the extension; however, Plaintiffs found some of the answers to be insufficient. The parties met and conferred, but could not resolve all of their differences. Therefore, Plaintiffs filed a motion to compel, and Liberty Mutual filed a motion for entry of the Court's standard protective order.

## II.   Discussion

The parties have supplied memoranda addressing the disputes, and have organized their briefs to correspond to the specific requests at issue. Therefore, this Order will follow that structure.

### A. Request No. 1 (claims file)

Plaintiffs requested Liberty Mutual's file pertaining to Plaintiff's fire loss claim. Liberty Mutual supplied the claims file, except for documents to which it claimed an attorney work product protection, or attorney-client privilege. However, at the time the

response was served, Liberty Mutual failed to contemporaneously provide a privilege log, as required under Fed. R. Civ. P. 26(b)(5). Since the filing of Plaintiffs' motion to compel, Liberty Mutual has submitted a privilege log to Plaintiffs. Nevertheless, Plaintiffs argue that the log was not timely filed; therefore, Liberty Mutual has waived its privilege to the withheld or redacted documents. Plaintiffs further contend that Liberty Mutual has waived its privilege by failing to tender the withheld information to the Court for *in camera* review.  In light of the waiver, Plaintiffs ask the Court to order Liberty Mutual to produce the remaining documents.

"When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.,* 2015 WL 1470971, at *9 (M.D. Fla. Mar. 31, 2015) (citing *NLRB v. Jackson Hospital Corp.,* 257 F.R.D. 302, 307 (D.D.C. 2009*).* In this case, Plaintiffs urge the Court to find that Liberty Mutual has forfeited its claim of privilege as to all of the documents identified on the untimely privilege log. Certainly, that sanction has been used in this circuit. *See Mezu v. Morgan State Univ.,* 269 F.R.D. 565, 577 (D.Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege."). However, waiver of the privilege is not automatic. *See Smith v. James C. Hormel Sch. of Va. Inst. of Autism*, No. 3:08cv00030, 2010 WL 3702528, at *4 (W.D. Va. Sept. 14, 2010). "Given the sanctity of the attorney-client privilege and the seriousness of

privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith." *Id.* at *5 (collecting cases); *see also Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 247-48 (S.D.W.Va. 2014) (recognizing same).

Noting that Liberty Mutual's privilege log was not supplied contemporaneously with its answers to document requests, the Court must consider whether the "extreme sanction of waiver" is appropriate in this case. *See Westfield Ins. Co.*, 301 F.R.D. at 248. As noted above, federal courts have typically found waiver appropriate where unjustified delay, inexcusable conduct, or bad faith are present. *Id.* at 247. Although Liberty Mutual should have known that its privilege log was due at the time its responses were filed, the undersigned finds that the current circumstances do not justify application of the harshest remedy. Accordingly, Plaintiffs' motion to compel the privileged and protected documents is **DENIED**. With respect to Plaintiffs' contention that the privilege was waived due to Liberty Mutual's failure to submit the documents to the Court for *in camera* review, the motion to compel is also denied. The Court does not routinely review documents that are withheld as privileged or protected. If certain documents identified on the privilege log appear **not** to be privileged or protected, the Court may review them upon a party's request. However, that does not appear to be the case here.

### B. Request No. 2 (underwriting file)

Plaintiffs requested a copy of the underwriting file. Liberty Mutual objected to the request, but indicated that it would produce the file upon entry of a protective order. Nonetheless, Liberty Mutual did not make an effort at that time to supply a proposed protective order. After Plaintiffs filed the motion to compel, Liberty Mutual apparently produced a redacted copy of the complete underwriting file and a proposed protective

order.  However, Plaintiffs argue that Liberty Mutual's dilatory response should act as a waiver of any privilege or protection attaching to the file.

For the reasons set forth above, the Court declines to find that Liberty Mutual waived a privilege or protection available to it under the Rules of Civil Procedure and **DENIES** the motion to compel production of the withheld information. In addition, the Court has entered concurrently with this Order the District's approved protective order, which shall apply to all documents marked confidential by any party.

### C. Request No. 5 (claims manuals)

Plaintiffs asked for "all claims manuals, policy manuals, policy statements or other documents regarding the processing of claims for the last five (5) years including any changes or alterations of those manuals, statements or documents." Liberty Mutual objected to producing any manuals and documents "other than those which apply to a first party fire claim in West Virginia in place on October 6, 2014." Despite recognizing the relevance of some of the requested documents, Liberty Mutual did not produce a copy of the non-objectionable manuals, allegedly because no protective order was in place. Now that a protective order is in place, Liberty Mutual is **ORDERED** to produce the claims manuals, policy manuals, policy statements, or other documents regarding the processing of first-party fire loss claims in West Virginia, which were in effect during the years of 2013, 2014, and 2015. When considering the proportionality factors set forth in Fed. R. Civ. P. 26(b)(1), the burden of producing claims manuals and policy documents that were not in effect at or near the time of Plaintiff's loss clearly outweighs their anticipated usefulness.

### D. Request Nos. 6 and 14 (educational materials)

Plaintiffs requested "all manuals, educational materials, and written instructions

used for the training of Defendant's agents and adjusters or other personnel who were involved in the processing of Plaintiffs' policy and claims," as well as any documentation demonstrating training provided to said agents, adjusters, or other involved personnel. Liberty Mutual objected on the ground that the request was overly broad inasmuch as it was not limited to West Virginia claims, or fire claims, or first-party claims. Plaintiffs agreed to limit the request to first-party claims, but Liberty Mutual contended that, even with that limitation, the request was too broad.

Having performed a proportionality analysis, the Court **ORDERS** Liberty Mutual to produce any educational and training materials used by or with the agents, adjusters, or other personnel who were involved in processing Plaintiffs' fire loss claim, to the extent the materials discuss or govern the processing of first-party claims in West Virginia for real property damage or destruction, regardless of the cause of the damage or destruction. Liberty Mutual shall also provide documentation of training provided to the agents, adjusters, or other personnel who were involved in processing Plaintiffs' fire loss claim, to the extent the materials discuss or govern the processing of first-party claims in West Virginia for real property damage or destruction, regardless of the cause of the damage or destruction.

### E. Request Nos. 8 and 12 (financial information)

Plaintiffs seek production of Liberty Mutual's financial statements and profit and loss statements for the years of 2009 through 2014, and income tax returns for the years of 2010 through 2014. Liberty Mutual objects, arguing that it should only have to produce information regarding 2014, as its financial position at the time of the loss is the only relevant issue.

This Court has previously held that a plaintiff must "make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records. To make a prima facie claim for punitive damages ... a plaintiff must produce some factual evidence in support of her claim." *Robinson v. Quicken Loans Inc.*, No. CIV.A. 3:12-0981, 2013 WL 1704839, at *4 (S.D.W.Va.  Apr. 19, 2013). Surviving a motion for summary judgment, or filing a motion to compel "that includes sufficient supporting evidence (*i.e.,* affidavits, documentary evidence) to demonstrate a viable claim for punitive damages" are two avenues by which Plaintiffs may make such a showing in this case. *Id.* at n. 3. Given that the litigation is still in its early stages, Plaintiffs have not made a sufficient factual showing to justify an order compelling Liberty Mutual to produce its financial records. Accordingly, Plaintiffs' motion to compel is **DENIED** as premature.

### F. Request No. 13 (sales/informational/promotional material)

Plaintiffs request sales, promotional, and informational materials generated in the past five years concerning Liberty Mutual's fire insurance policies. Although Liberty Mutual claims that these materials are irrelevant, the undersigned finds that this type of information is relevant to Plaintiffs' claims that Liberty Mutual did not act in good faith and violated representations made to Plaintiffs. As Plaintiffs point out, they renewed their policy on an annual basis, thus making the years after inception of the policy equally relevant. Moreover, Liberty Mutual does not assert that production of these materials would be unduly burdensome and certainly provides no support for such an argument. Accordingly, Liberty Mutual is **ORDERED** to produce to Plaintiffs sales, promotional, and informational materials pertinent to fire insurance sold by Liberty Mutual in the State of West Virginia during the years 2010 through 2014. Materials generated or first circulated after Plaintiffs' loss are not relevant; therefore, Liberty Mutual need not

produce information for 2015.

### G. Request Nos. 16 and 17 (insurance department and bad faith complaints)

Plaintiffs want copies of all complaints filed against Liberty Mutual with any state insurance department over the past ten years, as well as a list of any bad faith complaints filed against Liberty Mutual during the same time frame. Liberty Mutual argues that the requests are too broad. The undersigned agrees with Liberty Mutual. From a proportionality standpoint, a request for insurance department complaints filed in states other than West Virginia about matters other than first-party claims related to real property losses is simply too broad-based to constitute discovery focused on the claims and defenses in this case. Plaintiffs argue that they need this information to demonstrate the "customary business practices" of Liberty Mutual. If Liberty Mutual indeed has a business practice of wrongfully delaying or denying claims related to real property losses, then evidence of such a business practice should be clear from complaints filed with West Virginia's insurance department. On the other hand, with respect to the request for information regarding "bad faith" lawsuits, providing a list of similar suits should not be particularly onerous, and the resulting information should be more informative than generic insurance department complaints.[1] Therefore, Liberty Mutual is **ORDERED** to supply Plaintiffs with a list of all first-party bad faith lawsuits filed against it during the past ten (10) years, which involve an allegation that Liberty Mutual wrongfully delayed or denied payment on a claim for damage or destruction to real property. In addition, Liberty

---

[1] The Court notes that Liberty Mutual does not argue burdensomeness in its response to the motion to compel and does not offer any support for such an argument. Nonetheless, requesting copies of insurance department complaints filed over a ten-year period with all fifty state insurance departments regarding **any** issue is burdensome on its face.

Mutual shall produce copies of all complaints filed during the past ten (10) years with the West Virginia insurance department involving an allegation that Liberty Mutual wrongfully denied or delayed payment on a first-party claim for damage or destruction to real property. Plaintiffs are granted leave to re-assert their motion to compel additional responsive information pertinent to these requests should the information produced by Liberty Mutual provide a factual basis justifying a broader search.

### H. Request No. 18 (personnel evaluations)

Plaintiffs requested "all personnel evaluation summaries by individual, by unit, by office, by region for all entities having jurisdiction over the claim of the Plaintiffs." Liberty Mutual objected on the basis that it did not understand the request, and the request appeared to be overly broad, seeking information about all employees working in the same office or region as the employees that were directly or indirectly responsible for processing Plaintiffs' claim. After a meet and confer, Plaintiffs limited the request to those employees actually involved in processing Plaintiffs' claim. Accordingly, Liberty Mutual is **ORDERED** to produce personnel evaluations prepared during the years of 2010-2015 pertaining to those employees involved in processing/handling Plaintiffs' claim.

### I. Request No. 19 (audit information)

Plaintiffs initially sought audit information for all employees in the same office and region as the employees who were involved in handling Plaintiffs' claim. After a meet and confer, the parties seem to have agreed on some limitations. Therefore, Liberty Mutual is **ORDERED** to provide the requested information applicable to the employees that were actually involved in handling Plaintiffs' claim, or directly supervised an employee who handled the claim.

### J. Request No. 20 (percentage of fire claims honored)

Liberty Mutual objects to Plaintiffs' demand that it produce "all copies of all reports, memorandums [sic], emails, computer print-outs or any other documents that reflect the percentage of claims honored" by Liberty Mutual where the claims involved a fire loss. Liberty Mutual argues that the request is too broad. Once again, the undersigned finds the request too broad, and under the proportionality analysis, to be overly burdensome on its face. Such a request would require Liberty Mutual to conduct a massive search of its electronic information without any showing that the information would lead to admissible evidence. Therefore, to begin, Liberty Mutual is **ORDERED** to produce any report or memorandum or similar document or compilation showing the percentage of all fire loss claims involving real property located in West Virginia, or covered by a policy generated in West Virginia, that resulted in payment by Liberty Mutual. If the information provides a factual basis for the collection of additional information responsive to this request, Plaintiffs may re-assert their motion to compel.

### K. Request Nos. 21 and 22 (catch-all requests)

Plaintiff offers no particular basis for these requests, which seem duplicative and cumulative of other requests. Therefore, Plaintiffs' motion to compel more complete answers to these requests is **DENIED**.

### III.   Conclusion

In summary, Plaintiffs' motion to compel is **GRANTED,** to the extent Liberty Mutual is ordered to produce the additional documents as set forth above, and is **DENIED** as stated. Liberty Mutual shall produce the supplemental documents within **twenty (20) days** of the date of this Order. Liberty Mutual's motion for entry of the Court's standard protective order is **GRANTED,** and the protective order may be used

when producing the supplemental documents.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** December 9, 2015

Cheryl A. Eifert
United States Magistrate Judge

11