IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANDREW WILLIAMSON and
YOLANDA WILLIAMSON

      **Plaintiffs,**

v.                                                                          Case No.:  3:15-cv-07812

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY,**

      **Defendant.**

## MEMORANDUM OPINION and ORDER

      Pending is Plaintiffs' Motion to Modify Protective Order. (ECF No. 45). Defendant has filed a response in opposition to the motion, (ECF No. 51), and Plaintiffs have filed a reply memorandum. (ECF No. 54). Accordingly, the issues are fully briefed and ready for resolution. For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

      On November 16, 2015, Defendant moved the Court to enter this District's standard protective order to govern the production of confidential information. Plaintiffs objected to entry of the protective order on two grounds: (1) the request for a protective order was made after Defendant's discovery responses were due and, thus, was untimely; and (2) Defendant failed to establish that the documents to be produced subject to the protective order were indeed confidential. Notably, Plaintiffs did not lodge any objection to the language of the proposed protective order. Defendant's motion was granted, and the protective order was entered on December 9, 2015. Thereafter, Defendant produced documents pursuant to the terms of the protective order.

1

Plaintiffs now seek to modify the terms of the protective order. Specifically, Plaintiffs wish to amend the provisions that require them—and any individual to whom they disclosed confidential materials—to return such materials, "copies thereof, and related notes and memoranda" to Defendant at the end of the litigation. Plaintiffs assert that while they have no disagreement with returning to Defendant its confidential materials, they object to providing Defendant with "related notes and memoranda," as those documents will surely constitute protected work product. Plaintiffs add that this requirement would also prohibit Plaintiffs' expert witnesses from retaining their own original notes and memoranda related to their review of confidential materials. Plaintiffs point out that many jurisdictions have recognized this concern and have incorporated provisions in their standard protective orders that allow individuals receiving confidential materials to maintain archival copies of their work product with the understanding that the terms of the protective order preserving the confidentiality of the materials will remain in effect indefinitely.

In response, Defendant argues that this modification would defeat the intent of the protective order inasmuch as Plaintiffs could simply incorporate the entire contents of a confidential document into a memorandum and then keep it as work product. Defendant emphasizes that it has produced thousands of pages of confidential documents in reliance on the terms of the protective order and argues that to change the order's terms post-production would be unfair. Finally, Defendant indicates that it offered to allow Plaintiffs the option of destroying their pertinent notes and memoranda rather than providing them to Defendant. In that way, Defendant would not have access to Plaintiff's work product, and Plaintiffs would not have access to Defendant's confidential materials after the close of the litigation. Defendant contends that Plaintiffs rejected this offer outright, without

providing any credible reason as to why this alternative would not fairly address and balance the interests of both parties.

"In the Fourth Circuit, a district court has discretionary authority to modify a protective order it has previously entered 'for what it deems good cause shown.'" *Minogue v. Modell*, No. CIV. CCB-03-3391, 2012 WL 4105312, at *3 (D. Md. Sept. 17, 2012) (quoting *United States v. (Under Seal),* 794 F.2d 920, 928 n. 6 (4th Cir. 1986)). The party seeking modification bears the burden of showing good cause. *Id.* at *4 (citing *SmithKline Beecham Corp. v. Synthon Pharmaceuticals, Ltd.,* 210 F.R.D. 163, 166 (M.D.N.C. 2002)). There are various factors that a court may consider when determining whether to modify a protective order; including, "the reason and purpose for a modification, whether a party has alternative means available to acquire the information, the type of protective order which is at issue, and the type of materials or documents which are sought." *SmithKline Beecham Corp.,* 210 F.R.D. at 166*.* In addition to these factors, the court must bear in mind the effect that granting a modification will have on the stability of the discovery process. *See, e.g., State Auto. Mut. Ins. Co. v. Davis*, No. 2:06-CV-00630, 2007 WL 2670262, at *2 (S.D.W.Va. Sept. 7, 2007). As this Court noted in *Davis*:

> Beyond unfairness to particular parties is the reality that, the more readily protective orders are destabilized, the less confidence litigants will have in them. If protective orders are not reliable, people will be more likely to contest discovery requests when private or commercially valuable data is involved. A protective order can be effective as a management tool and as a mechanism for preventing discovery abuse only if parties believe it is credible. If the parties know that the protective order can be abrogated easily, cooperation in discovery would be compromised and one significant incentive to settle would be reduced.

*Id.* (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* 105 Harv. L.Rev. 427, 499-501) (1991)); *see, also, In re Grand Jury Subpoena*, 836 F.2d 1468, 1472 (4th Cir. 1988) (acknowledging the need for reliable protective orders

3

to "encourage full disclosure of all relevant evidence in order to 'secure the just, speedy, and inexpensive determination' of civil disputes."). Plaintiffs contend that the protective order in this case needs to be modified to preserve "the sanctity of the work product doctrine." (ECF No. 54). However, as Defendant aptly notes, that goal can be achieved by allowing Plaintiffs and their consultants the option of destroying notes and memoranda referencing or incorporating confidential materials at the conclusion of the litigation. Given that Plaintiffs did not raise this issue with the Court until after Defendant had produced confidential materials in reliance on the terms of the standard protective order, and Defendant has agreed to a compromise that adequately resolves Plaintiffs' concerns regarding work product, the undersigned finds that Plaintiffs have failed to meet their burden of showing good cause to modify the protective order in the manner requested. Therefore, the motion is denied.

It is so **ORDERED.**

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** March 24, 2016

Cheryl A. Eifert
United States Magistrate Judge